CLEMENT AND HO,
A Professional Law Corporation
RANDALL J. CLEMENT, Cal. Bar No. 193443
201 W. Whiting Avenue
Fullerton, California 92832
Telephone: (714) 882-5794
Facsimile: (714) 882-5795
randy@clementandholaw.com

Attorneys for Plaintiff TREEFROG
DEVELOPMENTS, INC., d/b/a LifeProof

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC., d/b/a LifeProof, a Delaware corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>MILES & CO., LLC, an Arizona limited liability company; NCROWD, INC., a Delaware corporation; and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No.<br><br>**SACV13 - 00754 CJC (ANx)**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT (15 U.S.C § 1114);**<br><br>(2) **FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION (15 U.S.C. §1125(a));**<br><br>(3) **TRADEMARK DILUTION BY TARNISHMENT (15 U.S.C. § 1125(c));**<br><br>(4) **COPYRIGHT INFRINGEMENT (17 U.S.C. §501(a)); and**<br><br>(5) **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)**<br><br>**(DEMAND FOR JURY TRIAL)** |

1    Plaintiff Treefrog Developments, Inc., d/b/a LifeProof ("Plaintiff" or

2  "LifeProof"), for its Complaint against Miles & Co., LLC, nCrowd, Inc., and Does

3  1-10 (collectively, "Defendants"), alleges as follows:

4                                    **PARTIES**

5    1.    Plaintiff is a Delaware corporation, duly authorized and licensed to

6  conduct business in the state of California, with its principal place of business in San

7  Diego, California.

8    2.    Plaintiff alleges, on information and belief, that Defendant Miles &

9  Co., LLC ("Miles & Co") is an Arizona limited liability company, with its principal

10  place of business in Scottsdale, Arizona.

11    3.    Plaintiff alleges, on information and belief, that Defendant nCrowd,

12  Inc. ("nCrowd") is a Delaware corporation, with its principal place of business in

13  Atlanta, Georgia.

14    4.    This action concerns the wrongful action of multiple parties, and the

15  identities of all such parties may be unidentifiable to Plaintiff at this time despite

16  diligent investigation.  Therefore, Plaintiff is ignorant of the true names and

17  capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore

18  sues these defendants by such fictitious names.  Plaintiff will amend this complaint

19  to allege their true names and capacities when ascertained.  Plaintiff is informed and

20  believes, and thereon alleges, that each of the fictitiously named defendants is

21  responsible in some manner for the occurrences herein alleged, and that Plaintiff's

22  damages as herein alleged were proximately caused by the conduct of each and all

23  of them.

24                          **JURISDICTION AND VENUE**

25    5.    This Court has exclusive subject matter jurisdiction over this matter

26  pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. §1338(a), and 28 U.S.C.

27  § 1338(b) because: (i) claims herein arise out of federal trademark laws as codified

28  in 15 U.S.C. §§ 1114, 1125(a), and 1125(c) (trademark infringement, false

designation of origin, trade dress infringement, unfair competition, and dilution by tarnishment); (ii) the copyright-infringement claim herein arises out of federal copyright law as codified in 17 U.S.C. §501(a); and (iii) the unfair competition and business practices claim herein is brought with and is related to the substantial claims based on trademark and copyright laws.  Further, this Court has supplemental jurisdiction over Plaintiff's claims arising under common law or the laws of California pursuant to 28 U.S.C. § 1367(a) because the claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.     This Court has specific personal jurisdiction over Defendants due to the nature and quality of their actions toward California.  As described herein, Defendants purposefully directed their relevant activities to California because: (i) Defendants committed intentional acts, *i.e.*, intentional and willful intellectual property infringements and unfair competition, (ii) which were expressly aimed at California as evidenced by Defendants' willful infringements of the intellectual property held by Plaintiff in California and Defendants' counterfeit sales and offers of such sales to California residents which intentionally used Plaintiff's intellectual property for the purpose of directly competing with Plaintiff for the same set of potential California customers, and (iii) that caused harm Defendants knew was likely to be suffered in California given that Defendants were knowingly competing with Plaintiff for the same set of potential California customers in an illegal and unfair manner and given that Defendants knew they were infringing intellectual property of a corporation in California and causing economic and goodwill damages to a corporation in California.  Defendants knew or had reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from and/or through Defendants.  Defendants have purposefully offered to sell and actually sold and/or facilitated the offer and sale of counterfeit products (described more fully below) over the Internet into this

1  judicial district. Through Defendants' selling and business practices, Defendants'

2  products have been and continue to be offered for sale, sold, and/or used by

3  consumers in the Central District of California. Moreover, Defendants have

4  purposefully availed themselves of the laws and privileges of this jurisdiction by

5  entering into contracts for the sale of goods with jurisdiction residents. The claims

6  asserted herein arise out of and relate to the Defendants' California-related activities.

7  Finally, for reasons explained herein, this Court's exercise of specific personal

8  jurisdiction over Defendants comports with traditional notions of fair play and

9  substantial justice.

10    7.    Further, venue is proper in this judicial district, *inter alia*, pursuant to

11  28 U.S.C. §1391(b) because, as discussed above, a substantial part of the events or

12  omissions giving rise to these claims occurred in this judicial district, and has caused

13  damage to Plaintiff in this district. Defendants purposefully offered, sold, shipped,

14  and/or facilitated the offer, sale and shipment of counterfeit LifeProof product into

15  this judicial district. Defendants' actions within this district directly interfered with

16  and damaged Plaintiff's commercial efforts and endeavors, and harmed Plaintiff's

17  goodwill in this district.

18          **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

19    8.    Plaintiff is an industry leading designer, manufacturer, distributer, and

20  seller of all-protective cases and related accessories for mobile devices, *e.g.,* iPhones

21  and iPads ("LifeProof-Branded Products"). Plaintiff's products deliver the highest

22  level of water proof, dirt proof, snow proof, and shock proof protection (what

23  Plaintiff refers to as "the four proofs"), all through a convenient, unobtrusive, and

24  sleek design. The durability of Plaintiff's products is evidenced by their ability to

25  meet or exceed rigorous underwater and functional-drop specifications.

26    9.    Plaintiff's products allow its customers to confidently use their mobile

27  devices in conditions normally detrimental to such devices, *e.g.,* underwater, in

28  snow or rain, or in dirty environments, or in normal-use environments which

nevertheless can occasionally bring damage to such devices, such as when a user accidently drops or spills a drink on their device. Plaintiff provides its customers an "everyday, everywhere, everything" case to enhance their enjoyment of their mobile devices.

10. Through the extensive use of its trademarks, trade dress, and copyrighted material, Plaintiff has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. Plaintiff advertises nationwide, including through its website, and sells its products through national retailers. Plaintiff also advertises and sells its products internationally. Plaintiff has built up and developed significant goodwill in its entire product line and Plaintiff's products are immediately identified by Plaintiff's marks.

11. Plaintiff is the exclusive owner of federally registered and common law trademarks. Specifically, Plaintiff owns the following registered trademark: Registration No. 4,057,201, November 15, 2011, for "LIFEPROOF" ("Plaintiff's Mark"). A copy of the United States Patent and Trademark Office certificate of registration for Plaintiff's Mark is attached hereto as Exhibit A and incorporated herein by reference.

12. Plaintiff is also the holder of numerous international trademarks in the following locations: Japan, Canada, the United Kingdom, Taiwan, Australia, and China ("Plaintiff's International Marks").

13. Plaintiff designs its products and presents its products in marketing materials and packaging to the market in a distinctive way, including through the words, symbols, color scheme, and other designs that the purchasing public has come to associate with Plaintiff. Therefore, Plaintiff is the exclusive owner of federally-protected trade dress, *i.e.*, the non-functional physical detail and design of its products and packaging which identifies Plaintiff as the source of its products and distinguishes Plaintiff's products from the products of others ("Plaintiff's Trade

Dress").  A true and correct copy of examples of Plaintiff's Trade Dress is attached hereto as Exhibit B and incorporated herein by reference.

14.    Plaintiff is also the exclusive holder of federally-protectable copyrights. Plaintiff is the applicant for copyright protection pending approval with the United States Copyright Office concerning the following title of work: Shipping carton text and graphics for LIFEPROOF LET'S GO! (and water, dirt, snow, shock design) ("Plaintiff's Copyright").  A true and correct copy of the documentation associated with this pending copyright application submitted to the United States Copyright Office is attached hereto as Exhibit C and incorporated herein by reference.

15.    Hereinafter, Plaintiff may sometimes utilize the phrase "Plaintiff's Intellectual Property," which phrase shall refer to, collectively: (i) Plaintiff's federally-registered and common law trademarks, including, but not limited to, Plaintiff's Mark; (ii) Plaintiff's International Marks; (iii) Plaintiff's Trade Dress; and (iv) Plaintiff's federally-protectable copyrights, including, but not limited to, Plaintiff's Copyright.

16.    Beginning on a date that is currently unknown to Plaintiff, but believed to be in 2013, Defendants have within the United States (including within this judicial district), without the consent of Plaintiff, offered to sell and sold, and/or facilitated the offer and sale of, goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff, all by using reproductions, counterfeits, copies and/or colorable imitations of LifeProof-Branded Products and Plaintiff's Intellectual Property ("Counterfeit Goods").

17.    On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

18.    Defendant Miles & Co operates an Internet website at www.milescofashion.com.  Through the website, Miles & Co offers for sale and

sells "Waterproof Shockproof iPhone 4/5 Cases" to Internet consumers, including those in this judicial district.  The appearance of these cases, as depicted in Miles & Co's website, is confusingly similar to Plaintiff's LifeProof-Branded Products.  In addition, Miles & Co's website lists the cases at $79.00, which is the suggested retail price of Plaintiff's LifeProof-Branded Products.  A true and correct copy of a screenshot of Miles & Co's website offering the sale of the "Waterproof Shockproof iPhone 4/5 Cases" is attached hereto as Exhibit D.

19.   Defendant nCrowd operates an Internet website at www.crowdsavings.com ("CrowdSavings").  Crowdsavings is an e-commerce marketplace through which businesses and online retailers offer their goods and services to consumers at discounted prices.  During all relevant time periods, through the CrowdSavings website and all mass digital marketing mechanisms associated therewith, nCrowd offered for sale and sold "$21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)" to Internet consumers, including those in this judicial district.  On information and belief, Miles & Co was the unidentified product provider for the CrowdSavings promotions and sales.  A true and correct copy of a screenshot of the CrowdSavings website offering the sale of the "$21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)" is attached hereto as Exhibit E.

20.   Supplementary to the direct marketing and sales by nCrowd, on information and belief, Defendant nCrowd exercised control over the means of Defendant Miles & Co's infringing conduct.  nCrowd supplied its services to Miles & Co while knowing or with reason to know that Miles & Co was engaging in trademark infringement.

21.   Defendant nCrowd had contemporaneous knowledge that Defendant Miles & Co's "$21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)" was infringing.  In the "Questions" section of the listing, nCrowd replied to consumer questions by stating that Miles & Co's offered cases were "made and

modled [sic] after the LifeProof case." nCrowd also stated that these cases were "LifeProof inspired" no fewer than six (6) times in that section of the listing.

22.    On April 3, 2013, a "$21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)" was purchased by a resident of Orange County, California from the CrowdSavings website. A true and correct copy of the CrowdSavings voucher evidencing the order is attached hereto as Exhibit F. Defendant Miles & Co thereafter shipped the item purchased to Orange County, California.

23.    Upon inspection, the purchased product is a "LoveProof"-branded iPhone case, which except for the name (which involves the change of one interior letter in the brand designation from "LifeProof" to "LoveProof") is in all material respects identical or confusingly similar to Plaintiff's LifeProof-Branded Products.

24.    Plaintiff has no control over the nature, quality, or pricing of Defendants' products or advertising, or any other aspect of the business conduct of Defendants.

25.    Defendants' infusion of the Counterfeit Goods into the marketplace reflects adversely on Plaintiff, results in economic loss to Plaintiff including loss of sales of genuine LifeProof-Branded Products, damages the goodwill of Plaintiff's brand, and thwarts Plaintiff's honest efforts and considerable expenditures to promote its genuine LifeProof-Branded Products using Plaintiff's Intellectual Property.

26.    Defendants use words, symbols, images, designs, and names confusingly similar or identical to Plaintiff's Intellectual Property to confuse consumers and aid in the promotion and sales of their unauthorized and counterfeit products. Defendants' uses of Plaintiff's Intellectual Property include importing, advertising, displaying, distributing, selling and/or offering to sell the Counterfeit Goods.

27.    Defendants' unauthorized use of Plaintiff's Intellectual Property began after Plaintiff legally established the existence and significant value of such

intellectual property, including after Plaintiff's adoption and use of it trademarks and copyrights and after Plaintiff obtained the trademark registration described above.

28.    Beyond confusing and deceiving consumers, Defendants' counterfeit scheme to sell inferior knock-offs of genuine LifeProof-Branded Products is likely to cause direct actual damage to Defendants' customers and their mobile electronic devices.

### FIRST CAUSE OF ACTION

(Trademark Infringement (15 U.S.C § 1114) Against All Defendants)

29.    Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 28 as though set forth fully herein.

30.    The trademarks owned by Plaintiff, as well as Plaintiff's brand goodwill arising from such trademarks, have never been abandoned.  Plaintiff's trademarks appear clearly on packaging, advertisements, product brochures, point of purchase materials, and on LifeProof-Branded Products.  Plaintiff continues to preserve and maintain its rights with respect to these trademarks, including Plaintiff's Mark registered with the United States Patent and Trademark Office.

31.    Plaintiff's trademarks are inherently distinctive in appearance and have become, through widespread public acceptance, a distinctive designation of the source of origin of goods offered by Plaintiff.  Plaintiff's trademarks have acquired secondary meaning in the marketplace and constitute an asset of incalculable value as a symbol of Plaintiff and the high quality of its goods.

32.    Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

33.    Plaintiff has been damaged as a result of the Defendants' infringement of its trademarks.  Plaintiff is informed and believes, and thereupon alleges, that the sales of Defendants' products have resulted in lost sales, have reduced the business and profit of Plaintiff, and have greatly injured the general reputation of Plaintiff, all

1  to Plaintiff's damage in an amount not yet ascertainable, but will be determined at
2  the time of trial.

3      34.    Plaintiff is informed and believes, and thereupon alleges, that
4  Defendants, individually and collectively, have derived, received, and will continue
5  to derive and receive from the aforesaid acts of infringement, gains, profits, and
6  advantages in an amount not yet ascertainable, but will be determined at the time of
7  trial.

8      35.    The "LoveProof" products offered and sold by the Defendants are
9  Counterfeit Goods which infringe upon Plaintiff's Mark, because they are
10  confusingly similar to Plaintiff's earlier registered Mark and LifeProof-Branded
11  Products.  Specifically, visual inspection shows that the Counterfeit Goods duplicate
12  all design and packaging aspects of the LifeProof-Branded Products, with the only
13  exception being a single bad-faith change of one interior letter in the brand
14  designation (i.e., the change from "LifeProof" to "LoveProof").  Further, the
15  Counterfeit Goods are directly and proximately related to, and are in direct
16  competition with, the LifeProof-Branded Products regarding the marketing and sales
17  channels used as well as the intended consumer use of the products.

18      36.    At all relevant times, Defendants acted intentionally and/or willfully in
19  infringing upon Plaintiff's Mark on the Counterfeit Goods, knowing that said Mark
20  belonged to Plaintiff, that the Counterfeit Goods were in fact infringing, and that
21  Defendants were not authorized to infringe upon said Mark on the Counterfeit
22  Goods.  Further, Defendants' spurious designation of their products also constitute
23  the use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C.
24  §1116(d)(1)(B).  Therefore, Plaintiff is entitled to recovery of treble damages and to
25  an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and
26  1117(b).

27      37.    Because Defendants' actions also constitute the use by Defendants of at
28  least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B), Plaintiff

1  reserves the right to elect, at any time before final judgment is entered in this case,

2  an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) or (2).  On

3  information and belief, Defendants have knowingly and willfully engaged in the acts

4  complained of with oppression, fraud, and malice, and in conscious disregard of the

5  rights of Plaintiff.  Plaintiff is, therefore, entitled to the maximum statutory damages

6  allowable.

7       38.    The acts of direct and/or contributory trademark infringement

8  committed by Defendants have caused, and will continue to cause, Plaintiff

9  irreparable harm unless they are enjoined by this Court.  Defendants' actions were

10  committed in bad faith and with the intent to dilute Plaintiff's marks, to cause

11  confusion and mistake, and to deceive the consuming public as to the source,

12  sponsorship, and/or affiliation of Defendants and/or Defendants' counterfeit goods.

13  **SECOND CAUSE OF ACTION**

14  (False Designation of Origin, Trade Dress Infringement, and

15  Unfair Competition (15 U.S.C. §1125(a)) Against All Defendants)

16       39.    Plaintiff re-alleges and incorporates by this reference each and every

17  allegation in paragraphs 1 through 38 as though set forth fully herein.

18       40.    Plaintiff is informed and believes, and thereupon alleges, that

19  Defendants' unauthorized use of "LoveProof" and the other distinctive words,

20  symbols, color schemes, and designs through which Plaintiff presents its products to

21  the market, including through Plaintiff's marketing materials and packaging,

22  constitutes a wrongful and false representation to the consuming public that the

23  products sold by Defendants originated from or somehow are authorized by or

24  affiliated with Plaintiff.

25       41.    Defendants' actions as described herein constitute direct and/or

26  contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to

27  cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

28  or association of Defendants with Plaintiff and/or as to the origin, sponsorship,

and/or approval of such Counterfeit Goods by Plaintiff. These acts amount to false designations of origin, infringements of Plaintiff's Trade Dress, and false representations in interstate commerce to compete unfairly with Plaintiff.

42.     Plaintiff has been damaged as a result of the Defendants' actions described herein. Plaintiff is informed and believes, and thereupon alleges, that the sales of Defendants' products have resulted in lost sales, have reduced the business and profit of Plaintiff, and have greatly injured the general reputation and goodwill of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined at the time of trial.

43.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

44.     At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Intellectual Property on the Counterfeit Goods, knowing that said intellectual property belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to use said intellectual property on the Counterfeit Goods.

45.     Defendants' acts of violating 15 U.S.C. § 1125(a), directly and/or in contributory manner, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or Defendants' counterfeit goods.

**THIRD CAUSE OF ACTION**

(Trademark Dilution by Tarnishment (15 U.S.C. § 1125(c))

Against All Defendants)

46.     Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 45 as though set forth fully herein.

47.     Plaintiff's Mark is distinctive and famous within the meaning of the Lanham Act.

48.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Mark became famous, and Defendants acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Mark.

49.     Defendants' intentional sale of counterfeit items which infringe upon Plaintiff's Mark is likely to cause confusion, mistake, or to deceive mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff.  The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Mark, and are likely to impair the distinctiveness, strength and value of Plaintiff's Mark, and injure the business reputation of Plaintiff and its Mark.

50.     Plaintiff has been damaged as a result of the Defendants' infringement of its trademarks.  Plaintiff is informed and believes, and thereupon alleges, that the sales of Defendants' products have resulted in lost sales, have reduced the business and profit of Plaintiff, and have greatly injured the general reputation of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined at the time of trial.

51.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and

advantages in an amount not yet ascertainable, but will be determined at the time of trial.

52.    At all relevant times, Defendants acted intentionally and/or willfully in infringing upon Plaintiff's Mark on the Counterfeit Goods, knowing that said Mark belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to infringe upon said Mark on the Counterfeit Goods.

53.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.  Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or Defendants' counterfeit goods. As the acts alleged herein constitute a willful violation of 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

(Copyright Infringement (17 U.S.C. §501(a)) Against All Defendants)

54.    Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 53 as though set forth fully herein.

55.    Plaintiff is the exclusive owner of copyrights related to its LifeProof-Branded Products, including copyrights regarding marketing materials and product packaging.  Plaintiff has a copyright application pending with the United States Copyright Office.

56.    Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

57.    Without Plaintiff's permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's copyrighted works by offering, advertising, promoting, retailing, selling, and distributing counterfeit LifeProof-Branded Products, including through use of marketing and product packaging that utilizes words, names, symbols, color schemes, and designs identical to or at a minimum substantially similar to Plaintiff's Intellectual Property.

58.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute, and/or sell such protected material.

59.    Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorneys' fees and costs.

60.    Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 17 U.S.C. § 504(c). On information and belief, Defendants have knowingly and willfully engaged in the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff.  Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

1

## FIFTH CAUSE OF ACTION

2

(Unfair Business Practices (Cal. Business & Professions Code § 17200, *et seq.*))

3        61.    Plaintiff re-alleges and incorporates by this reference each and every

4    allegation in paragraphs 1 through 60 as though set forth fully herein.

5        62.    Defendants' actions described herein constitute unlawful, unfair, and/or

6    fraudulent business acts or practices.  Defendants' actions thus constitute "unfair

7    competition" pursuant to California Business & Professionals Code Section 17200,

8    *et seq.*

9        63.    Plaintiff has suffered an injury in fact, including without limitation,

10   damages in an amount to be proven at trial, loss of money, and diminution in the

11   value of its trademarks and goodwill, as a proximate result of Defendants' unfair

12   competition.

13       64.    Plaintiff requests that the Court order Defendants to disgorge all profits

14   wrongfully obtained as a result of Defendants' unfair competition, and order

15   Defendants to pay restitution to Plaintiff in an amount to be proven at trial.

16       65.    Defendants' actions have caused, and will continue to cause Plaintiff to

17   suffer irreparable harm unless enjoined by this Court.

18

## REQUEST FOR RELIEF

19       WHEREFORE, Plaintiff hereby respectfully requests the following relief

20   against Defendants Miles & Co., LLC, nCrowd, Inc., and Does 1-10, inclusive, and

21   each of them, as follows:

22       1.    For an award of Defendants' profits and Plaintiff's damages in an

23            amount to be proven at trial for trademark infringement under 15 U.S.C

24            §1114;

25       2.    For an award of Defendants' profits and Plaintiff's damages in an

26            amount to be proven at trial for false designation of origin, trade dress

27            infringement, and unfair competition under 15 U.S.C. §1125(a);

28

3.  For an award of Defendants' profits and Plaintiffs damages in an amount to be proven at trial for trademark dilution by tarnishment under 15 U.S.C. §1125(c);

4.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

5.  In the alternative to an award of Defendants' profits and actual damages, which election Plaintiff may make prior to the rendering of final judgment, maximum statutory damages pursuant to 15 U.S.C. §1117(c) due to Defendants' infringement of Plaintiff's trademarks through willful use of counterfeit marks;

6.  In the alternative to an award of Defendants' profits and actual damages, which election Plaintiff may make prior to the rendering of final judgment, maximum statutory damages pursuant to 17 U.S.C. §504(c) due to Defendants' infringement of Plaintiff's copyrights;

7.  For restitution and disgorgement in an amount to be proven at trial for unfair, fraudulent, and/or illegal business practices under Business & Professions Code § 17200;

8.  For an injunction by this Court prohibiting Defendants, individually and collectively, and their respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit Plaintiff product; using without permission any mark or other intellectual property right of Plaintiff; acting to infringe or dilute Plaintiff's trademarks or trade dress; falsely designating the origin of any product to be from Plaintiff;

engaging in unfair competition with Plaintiff; acting in any other manner to derogate Plaintiff's intellectual property rights.

9. For an Order requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay Plaintiff their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

10. For an Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

11. Pursuant to 15 U.S.C. § 1118 and 17 U.S.C. §503, for an Order requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up to LifeProof for destruction all products, accessories, labels, signs, prints, packages, wrappers, advertisements, and other material in their possession, custody, or control bearing any of Plaintiff's Intellectual Property;

12. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C §§ 1117(a) and 1117(b), and for any other legally-available increased damages;

13. For Plaintiff's reasonable attorneys' fees;

14. For all costs of suit;

15. For prejudgment interest; and

16. For such other and further relief as the Court may deem just and equitable.

Dated: May 10, 2013

CLEMENT AND HO,
A PROFESSIONAL LAW CORPORATION

By _____

RANDALL J. CLEMENT
Attorneys for Plaintiff TREEFROG
DEVELOPMENTS, INC., d/b/a LifeProof

## DEMAND FOR JURY TRIAL

Plaintiff Treefrog Developments, Inc., d/b/a LifeProof, respectfully demands a trial by jury in this action.

Dated: May 10, 2013

CLEMENT AND HO,
A PROFESSIONAL LAW CORPORATION

By _____

RANDALL J. CLEMENT
Attorneys for Plaintiff TREEFROG
DEVELOPMENTS, INC., d/b/a LifeProof

# EXHIBIT A

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# LIFEPROOF

**Reg. No. 4,057,201**
**Registered Nov. 15, 2011**

TREEFROG DEVELOPMENTS, INC. (DELAWARE CORPORATION)
7547 MADISON AVENUE
LEMON GROVE, CA 91945

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

FOR: ACCESSORIES FOR ELECTRONIC GOODS AND COMMUNICATIONS APPARATUS, NAMELY, PROTECTIVE HOUSINGS, CARRYING CASES, CASES AND COVERS FOR PORTABLE ELECTRONIC GOODS AND COMMUNICATIONS APPARATUS, NAMELY, CELL PHONES, LAP TOPS, TABLET COMPUTERS FOR EBOOK, MAGAZINE AND NEWSPAPER READING, AND PORTABLE MEDIA PLAYERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-27-2011; IN COMMERCE 5-27-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-082,487, FILED 7-12-2010.

JOHN E. MICHOS, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

Page: 2 / RN # 4,057,201

# EXHIBIT B

# EXHIBIT B














# EXHIBIT C

# EXHIBIT C

# *-APPLICATION-*

## Title ——————————————————————————

**Title of Work:** Shipping carton text and graphics for LIFEPROOF LET'S GO! (and water, dirt, snow, shock design)

## Completion/Publication ————————————

**Year of Completion:** 2010

**Date of 1st Publication:** September 30, 2010    **Nation of 1st Publication:** United States

## Author ——————————————————————————

**Author:** TreeFrog Developments, Inc.

**Author Created:** text, 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant ————————————————

**Copyright Claimant:** TreeFrog Developments, Inc.

15110 Avenue of Science, San Diego, CA, 92128, United States

## Rights and Permissions ——————————————

**Organization Name:** LATHROP & GAGE LLP

**Name:** Stephen J. Horace

**Email:** shorace@lathropgage.com    **Telephone:** 720-931-3024

**Address:** 950 Seventeenth Street, Suite 2400    **Alt. Telephone:** 720-931-3200

Denver, CO 80202-2822  United States

## Certification ————————————————————

**Name:** Stephen J. Horace

**Date:** December 26, 2012

**Applicant's Tracking Number:** 534334

**Registration #:**

**Service Request #:**  1-869290615

**Priority:** Routine                    **Application Date:**  December 26, 2012 06:39:09 PM

**Note to C.O.:**  A photograph of one side of the shipping carton for the LIFEPROOF products, which shows the words "LIFEPROOF" and "LET'S GO!" and the water, dirt, snow and shock design that appears on all four sides of the boxes, is being submitted as a deposit.

## Correspondent ────────────────────────────────

**Organization Name:** LATHROP & GAGE LLP

**Name:** Stephen J. Horace

**Email:** shorace@lathropgage.com                    **Telephone:** 720-931-3024

**Address:** 950 Seventeenth Street, Suite 2400          **Alt. Telephone:** 720-931-3200
Denver, CO 80202-2822 United States                      **Fax:** 720-931-3201

## Mail Certificate ────────────────────────────────

LATHROP & GAGE LLP
Stephen J. Horace
950 Seventeenth Street, Suite 2400
Denver, CO 80202-2822  United States

# EXHIBIT D

# EXHIBIT D

# Miles & Co
## FASHION

View Cart    My Account    About Us    Contact

enter keywords here...    [search]

DEAL OF THE DAY | BRACELETS | EARRINGS | ECO FRIENDLY | KIDS | WATCHES | NECKLACES | BEAUTY

IPHONE ACCESSORIES

Home > iPhone Accessories >

**WaterProof Shockproof iPhone 4/5 Cases**



**Our Price: $79.00**

Product Code: WSIPHONECASE

Choose your options...

*Choose Your Color*

Color*: [ Blue ]

Size*:  ⦿ iPhone 4/4S
        ○ iPhone 5



**Alternative Views:**

 

Qty: [ 1 ]   Add to Cart   ♥ Add to Wish List

### Description

Miles & Co. shall not be liable for any consequential, incidental and contingent damages arising from, but not limited to, the sale, installation, use or repair of its products. Miles & Co. warranty does not, under any circumstance, cover the replacement or cost of any electronic device or personal property inside or outside of the case.

### Related Items

| | | | |
|---|---|---|---|
| iPhone Learning Toy | iPhone5NoodleCables | iPhone 5 Joystick Case | iPhone 4 Colored Fettuccine Cable |
| **Our Price: $49.00** | **Our Price: $50.00** | **Our Price: $39.00** | **Our Price: $44.00** |

   

| | | | |
|---|---|---|---|
| Colored iPhone 5 Lightning Cable | iPhone 5 Charging Dock | iPhone 5 Earbudds w/ Remote Volume Control | iPhone 4 Joystick Case |
| **Our Price: $50.00** | **Our Price: $49.00** | **Our Price: $49.00** | **Our Price: $49.00** |

  

Share your knowledge of this product. Be the first to write a review »

## Email Signup

[email address...] [ ]

## About Us
Company Info
Contact Us

## My Account
View Cart
Sign-In
Order Status

## Products
Category Index
Product Index

## Helpful Info
Shipping & Returns
Privacy Policy
Terms & Conditions

**volusion**
SSL SECURE SITE

Copyright © 2013 Miles & Co., LLC. All Rights Reserved. Ecommerce Web Site Design by Volusion.

# EXHIBIT E

# EXHIBIT E

  

**crowd**savings
an _____ company

SAN DIEGO
Change City

[      ] GO   My Account | Login | f Login

in SAN DIEGO          [            ]  Search All [GO]  f  g +1

### CATEGORIES

Home & Garden (4)

Jewelry & Watches (2)

Computers &
Electronics (8)

Automotive (1)

Entertainment & Arts
(2)

Travel & Lodging (1)

Products (13)

All Deals

## $21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)



# $21⁰⁰

Retail : $79.00
**You Save 73%**

  Tweet [ 0 ]  **Pin it**  g +1  0

**More Great Deals From Shockproof, Waterproof iPhone Case**

  $24 for a Shockproof, Waterproof iPhone 5
Case + Shipping Included ($79 Value)

Fine Print   Highlights   Details   Reviews   Questions

## Shockproof, Waterproof iPhone Case

You do your best to take care of your phone, but no matter how careful you
are, mistakes are bound to happen. Be ready for the inevitable with today's
deal for a shockproof, waterproof iphone 4/4S case for only $21!

Don't let fear hold you back from using your phone to it's full potential. With this
amazing case you can take your iPhone anywhere without the worry of
breaking your baby. The innovate case design creates a seal that is waterproof,
dustproof, snowproof and shockproof around your entire phone so it can
withstand even the toughest conditions. It also comes with a water-tight-seal
headphone jack.

And protection doesn't have to mean sacrificing style. This lightweight case is
slim enough to keep on your phone every day without adding excessive bulk,
and it's available in a variety of colors to fit your personal style including black,
white, blue, purple, pink, red and green.



$24 for a Shockproof, Waterproof
iPhone 5 Case + Shipping Include...

Shockproof, Waterproof iPhon...
**National**

**You Save 70%**



$19 for Portable Lipstick Backup USB
Charger ($49.99 Value)

Lipstick Powerbanks
**National**

**You Save 62%**



$69 for The Sopranos: The Complete
Series on DVD + Included Shipp...

The Sopranos: The Complete S...
**National**

**You Save 65%**

CrowdSavings.com - San Diego Deal of the Day | Coupons, Restaurants, Spas & more

Your phone's safety is not a risk you're willing to take, so grab this deal now!

Connect with us

My Account       Work With Us       About Us       Help       Legal

crowdsavings

# EXHIBIT F

# EXHIBIT F

Voucher Print - Crowd Savings.com

**THIS DEAL WILL BE SHIPPED TO YOU**

# $21 for a Shockproof, Waterproof iPhone 4/4S Case ($79 Value)

This deal will ship automatically to the following shipping address:

Cathleen Clement
1435 N. Harbor Blvd., #148
Fullerton, CA 92835

**Remember,** your item will be shipped after the close of the deal which is on Thursday, May 2nd, 2013 at 4 am.

### Deal Terms

Limit 10 per customer, may purchase 10 additional as gifts. This voucher has no cash value. Cannot be combined with other offers. Total voucher value must be used in 1 order. Shipping Included. **Product will be shipped to address entered at CrowdSavings checkout within 2-4 weeks of the end of the deal- no voucher redemption is necessary.** Valid for US Residents only. Merchant not responsible for broken phones; please test your case for waterproof and shockproof capabilities before casing your phone.



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TREEFROG DEVELOPMENTS, INC., d/b/a LifeProof, a Delaware corporation | MILES & CO., LLC, an Arizona limited liability company; NCROWD, INC., a Delaware corporation; and DOES 1-10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| CLEMENT & HO, A PROFESSIONAL LAW CORPORATION<br>201 W. Whiting Ave., Fullerton, CA 92832<br>Tel: 714-882-5794   Fax: 714-882-5795 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. Section 1114/Lanham Act Section 32(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV13 - 00754 CJC (ANx)**

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego, CA; Delaware |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Arizona; Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 5/10/13

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV13- 754 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Randall J. Clement, Cal. Bar. No. 193443
Clement and Ho, a Professional Law Corporation
201 W. Whiting Ave., Fullerton, CA 92832
Tel: (714) 882-5794  Fax: (714) 882-5795
randy@clementandholaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC., d/b/a LifeProof, a Delaware corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>MILES & CO., LLC, an Arizona limited liability company; NCROWD, INC., a Delaware corporation; and DOES 1-10, Inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV13 - 00754 CJC (ANx)**<br><br><br>**SUMMONS** |

TO:  DEFENDANT(S): MILES & CO., LLC, an Arizona limited liability company; NCROWD, INC., a Delaware corporation; and DOES 1-10, Inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Randall J. Clement, Esq._____, whose address is _Clement and Ho, APLC, 201 W. Whiting Ave., Fullerton, CA 92832_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 10 2013__

By: ___DODJIE LAGMAN___
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*